## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

**MICHAEL LEE MIDDLETON III,**
6879 Strawberry Drive
Bryans Road, Maryland 20616

**and**

**KANISHA SCRIBER,**
6612 Wilburn Drive
Capitol Heights, Maryland 20743,

  **Plaintiffs,**

**v.**

**CITY OF DISTRICT HEIGHTS, MARYLAND**
<u>Serve:</u>
2000 Marbury Drive
District Heights, Maryland 20747

**and**

**ANTON JOHNSON**
<u>Serve:</u>
2000 Marbury Drive
District Heights, Maryland 20747

**and**

**ROY MARTIN**
<u>Serve:</u>
2000 Marbury Drive
District Heights, Maryland 20747

**and**

**TERRANCE ANDERSON**
<u>Serve:</u>
2000 Marbury Drive
District Heights, Maryland 20747,

  **Defendants**

Civil Case No. _____

**JURY TRIAL DEMANDED**

1

## COMPLAINT AND JURY DEMAND

Plaintiffs Michael Lee Middleton III and Kanisha Scriber, through counsel, sue Defendants the City of District Heights, Maryland; Anton Johnson; Roy Martin; and Terrance Anderson for cause, claim damages, and demand judgment, and complain as follows:

## PARTIES

1.      Plaintiff Michael Lee Middleton III is an individual residing in Charles County, Maryland. He is an injured party in this matter, and is the nephew of Plaintiff Kanisha Scriber.

2.      Plaintiff Kanisha Scriber is an individual residing in Prince George's County, Maryland. She is an injured party in this matter, and is the aunt of Plaintiff Michael Lee Middleton III.

3.      Defendant City of District Heights, Maryland (the "City") is a municipal corporation located in Prince George's County, Maryland and organized under Article XI-E of the Maryland Constitution and Chapter 61 of the Acts of the 1936 Special Session of the General Assembly. The City organizes, operates, and maintains the District Heights Police Department ("DHPD"), the primary law enforcement agency of the City.

4.      Sergeant Anton Johnson is an employee and agent of the City and holds supervisory authority as an officer in the DHPD.

5.      Sergeant Roy Martin is an employee and agent of the City and holds supervisory authority as an officer in the DHPD.

6.      Private Terrance Anderson is an employee and agent of the City and an officer of the DHPD.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it is a civil action brought under a federal statute, 42 U.S.C. § 1983. The Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiffs' claims under federal law.

8.      Venue is properly in this District pursuant to 28 U.S.C. § 1391 because all Defendants reside in Maryland and the events giving rise to Plaintiffs' claim occurred in Prince George's County, Maryland.

## NOTICE

9.      To the extent that certain of Plaintiffs' claims are governed by provisions of the Local Government Tort Claims Act, Plaintiffs provided notice of their claims to Defendants on November 10, 2020.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.      On or about November 10, 2019, Plaintiff Kanisha Scriber and her nephew, Plaintiff Michael Lee Middleton III, were attending a 60th birthday party for Vanessa Cabell, Kanisha's mother and Michael's grandmother, at the District Heights Recreation Center, a City-owned facility.

11.      Around 12:30 a.m., Kanisha urgently needed to use the restroom, but the women's restroom was full and had a line outside. Kanisha asked Michael, her nephew, to check if anyone was in the men's room. The men's room was empty, so Kanisha went inside to use the stall. She asked Michael to wait outside the stall for her and make sure nobody else used the bathroom while she was inside.

12.     Shortly after Kanisha entered the stall, Defendant Anton Johnson came into the bathroom.

13.     Michael asked him to wait. Instead, Sgt. Johnson went directly to the stall and forced the door open. Kanisha, who was sitting on the toilet, tried to close the door.

14.     Sgt. Johnson then grabbed Kanisha, dragged her out of the stall by her neck, and threw her to the ground with her pants and underwear still around her ankles.

15.     Kanisha did not know who Sgt. Johnson was or why he dragged her out of the stall.

16.     Kanisha screamed for help as Michael begged Sgt. Johnson to stop and leave his aunt alone.

17.     Eventually, Sgt. Johnson let go of Kanisha. Michael helped Kanisha to her feet and she got dressed. Shaken, the two of them left the bathroom and returned to the party to gather their things and leave.

18.     But Sgt. Johnson followed them back to the party, and called Defendant Roy Martin and Defendant Terrance Anderson over to help him arrest Michael and Kanisha, despite the fact that neither had committed any offense.

19.     One of the officers put in a "Signal 13" call for emergency officer assistance. This summoned additional officers from the DHPD and Prince George's County Police Department.

20.     The officers approached Michael and Kanisha, and Michael put his hands up to deescalate the situation.

21.     Without warning or provocation, Sgt. Johnson punched Michael in the face and handcuffed him.

4

22.    Partygoers who saw the punch were angered, and began yelling at the officers, who drew and extended their batons despite a total lack of provocation or need to use force.

23.    Sgt. Martin then placed Michael in a chokehold and dragged him to the ground as Michael cried out that he could not breathe. Sgt. Johnson deployed his pepper spray into Michael's face.

24.    Once Michael was on the ground, Sgt. Martin and Sgt. Johnson struck Michael repeatedly with their batons.

25.    Sgt. Johnson then turned his attention to Kanisha. He approached her, and without warning or provocation, punched her in the face and placed her in a chokehold.

26.    Kanisha was in and out of consciousness after Sgt. Johnson punched her.

27.    At some point, Sgt. Johnson deployed his pepper spray into Kanisha's face, without justification or any lawful basis.

28.    About this time, DHPD Captain Kinsey Weems arrived in response to the Signal 13 call.

29.    Captain Weems witnessed Sgt. Johnson drag Kanisha in a chokehold, handcuff her, throw her to the ground, and walk away.

30.    Two nearby individuals asked Captain Weems to help Kanisha because they feared she was not breathing. Captain Weems saw that Kanisha was indeed having trouble breathing, and placed her in a recovery position.

31.    Captain Weems then asked bystanders to get him water so that he could render aid to Kanisha. As no bottled water was available, a bystander brought Captain Weems a bowl of ice water that had been used during the party.

32.     As the woman handed the bowl of water to Captain Weems, Sgt. Johnson approached them, yelled "No, fuck that bitch," and hit the bowl with his hand, flipping it onto Kanisha.

33.     Sgt. Johnson then picked up the bowl and threw it at Kanisha's face.

34.     Sgt. Johnson grabbed Kanisha by the shirt and dragged her across the floor away from Captain Weems, as Captain Weems yelled at him to "knock it off." Sgt. Johnson dragged Kanisha out the door and threw here in the back seat of his cruiser.

35.     Sgt. Johnson continued to physically assault Kanisha in the back seat of the police cruiser.

36.     Sgt. Johnson drove Kanisha to United Medical Center in Washington, DC for treatment of the injuries he had inflicted.

37.     As Kanisha sat in the back of Sgt. Johnson's patrol car, handcuffed, dazed, and terrified, Sgt. Johnson continued insulting and harassing her, repeatedly calling her a "bitch" during the drive to the hospital.

38.     When they arrived at the hospital, Sgt. Johnson pulled Kanisha out of the car and dragged her through the hospital by the handcuffs, injuring her wrist.

39.     At one point, Kanisha asked to use the restroom. Sgt. Johnson refused, and again called her a "bitch."

40.     Sgt. Johnson remained in the room during Kanisha's entire hospital examination. Because she was afraid of Sgt. Johnson, Kanisha did not report his actions to medical staff.

41.     After her examination, the hospital released her back into Sgt. Johnson's custody, and he took her to jail.

42.     In addition to Kanisha's physical pain as a result of the depraved assault, she was on her period while she was in jail, and experienced severe pain from that as well.

43.     Michael was in severe pain, too. His body was covered in cuts and bruises, and he experienced significant trauma to his back and his head in the assault.

44.     Both Michael and Kanisha were charged with assaulting all three police officers, resisting arrest, failing to obey lawful orders, and disorderly conduct.  These charges were false, without probable cause, and a pretext to cover up the officers' own unlawful behavior.

45.     All of the charges against Michael were dismissed as *nolle prosequi* on December 23, 2019.

46.     All of the charges against Kanisha were dismissed as *nolle prosequi* on November 10, 2020.

47.     Kanisha and Michael both filed notarized complaints against the officers involved two days after the incident. Neither received a response or any indication that their complaints were being acted upon or even investigated.

48.     The City also did its best to avoid any internal investigation. Immediately after the incident, Captain Weems, who was deeply concerned about what he had seen, called DHPD Acting Chief Troy Harrison to discuss the matter. After the two men spoke, Acting Chief Harrison stated that he would speak with Sgt. Johnson.

49.     However, Acting Chief Harrison never made any effort to address the issue.

50.     Captain Weems took additional steps to try to investigate what had happened. A few hours after the incident, he sent an email to District Heights Recreation Director Jeffrey Taylor asking Mr. Taylor to send him a copy of "any footage that you may be able to provide" from surveillance cameras.

51. Acting Chief Harrison intervened and told Captain Weems that "all request[s] go through me." No footage was ever provided.

52. On information and belief, the relevant footage was destroyed to conceal evidence.

53. After Acting Chief Harrison prevented Captain Weems from obtaining the surveillance footage, Captain Weems sent him an email containing a three-page statement describing the incident.

54. In the statement, Captain Weems informed Acting Chief Harrison that Sgt. Johnson had used a chokehold on Kanisha; that Sgt. Johnson had prevented him from providing aid to Kanisha by flipping the bowl of water while yelling "fuck that bitch"; and that Sgt. Johnson had dragged Kanisha across the floor and out the door to his vehicle.

55. Captain Weems also stated that, while he did not personally observe Sgt. Martin and Sgt. Johnson assaulting anyone, he observed that they had "their ASP baton[s] out and extended" and "several individuals . . . stated after the fact" that Sgt. Martin and Sgt. Johnson had used their batons on Michael while he was in custody.

56. Finally, Captain Weems stated that he believed the video he had requested "would depict a fight scene that was started by [Sgt.] Johnson inside of the restroom and that continued to make its way down the hallway toward the gymnasium. I also believe that this recording would show" that the officers used "chokeholds (which are prohibited by our General Orders) against" Kanisha and Michael.

57. Acting Chief Harrison did not respond to this email or take any steps to investigate the incident.

58.     Instead, Acting Chief Harrison attempted to demote Captain Weems to private first class.

59.     On November 26, 2019, Captain Weems responded to this improper attempt in an email to Acting Chief Harrison, telling him that the attempted retaliation was improper, outside of his authority, and contrary to the Law Enforcement Officers' Bill of Rights.

60.     Captain Weems sent a copy of this email to former District Heights Mayor Eddie Martin, District Heights City Manager Sharl'a Crutchfield, and District Heights Commissioners Cynthia Miller, Harryette Irving, Carol Blake, and Johnathan Medlock, the last of whom later became the acting mayor of District Heights after Mr. Martin was convicted of misconduct in office for an unrelated incident.

61.     That same day, Captain Weems separately sent a formal complaint to the City Commissioners, not only outlining his issues with Acting Chief Harrison, but detailing the events of November 10, 2019 and attaching his initial statement on the matter.

62.     On November 28, 2019, Commissioner Irving emailed Captain Weems to inform him that she and the rest of the Commission had received the emails.

63.     Despite having a firsthand account of the excessive force committed by Sgt. Johnson, Sgt. Martin, and Pfc. Anderson—an account written and delivered by their own employee and a colleague of the officers in question, against whom Acting Chief Harrison had retaliated for the report—the City did nothing whatsoever to address the incident.

64.     Sgt. Johnson, Sgt. Martin, and Pfc. Anderson are still employed as police officers by the DHPD.

65.     Michael experienced significant head trauma that has adversely affected his long term memory. He also experiences back pain on a daily basis as a result of the incident. He lost his job as a result of this incident, and thus his income,

66.     Kanisha experienced trauma to her entire body. As a result of the medication she had to take after the incident, she had to stop breastfeeding her newborn child. She, too, has back pain on a daily basis and prior to the start of the pandemic, saw a chiropractor for relief. She has severe foot and ankle pain that has gone untreated because of the associated expenses with medical treatment.

67.     Before this incident, neither Michael nor Kanisha had any negative attitude towards or experience with police officers. As a result of this incident, they feel unsafe around police officers, and have lost the sense of safety and security that they had before they were brutally assaulted without reason and maliciously prosecuted based on outright lies.

**FIRST CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983**
**Excessive Force**
**(Plaintiffs v. Defendant Anton Johnson)**

68.     Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

69.     Plaintiffs have a protected liberty interest in their freedom of movement, their bodily integrity, and their personal security.

70.     At all relevant times, Defendant Anton Johnson, was employed as a law enforcement officers with the DHPD.

71.     At all relevant times, Sgt. Johnson was on duty, wearing the police uniform, carrying department-issued sidearms, carrying and using department-issued control devices, and identified himself to Plaintiffs and bystanders as a police officer.

72.     Sgt. Johnson was therefore acting under the color of state law at all relevant times.

73.     Acting under the color of state law, Sgt. Johnson repeatedly and without probable cause or justification assaulted both Plaintiffs, including grabbing Kanisha by her neck and throwing her to the floor, punching Michael in the face, beating Michael with a baton, punching Kanisha in the face, placing Kanisha in a chokehold, dragging Kanisha, and sexually assaulting Kanisha.

74.     Sgt. Johnson, through the actions described in the foregoing paragraphs, deprived Plaintiffs of their clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution, including but not limited to their right to be free from excessive force and their right to be free from unreasonable seizure.

75.     As a direct and proximate result, Kanisha suffered physical damage and injury to her eyes, face, neck, back, wrists, and feet, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

76.     As a direct and proximate result, Michael suffered physical damage and injury to his eyes, neck, and back, and cuts and bruises across his torso, emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

WHEREFORE, Plaintiffs Michael Lee Middleton III and Kanisha Scriber demand judgment against Defendant Anton Johnson in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

## SECOND CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
### Excessive Force
### (Plaintiff Middleton v. Defendants Roy Martin and Terrence Anderson)

77.     Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

78.     Plaintiffs have a protected liberty interest in their freedom of movement, their bodily integrity, and their personal security.

79.     At all relevant times, Defendants Martin and Anderson were employed as a law enforcement officers with the DHPD.

80.     At all relevant times, Sgt. Martin and Pfc. Anderson were on duty, wearing police uniforms, carrying department-issued sidearms, carrying and using department-issued control devices, and identified themselves to Plaintiffs and bystanders as police officers.

81.     Sgt. Martin and Pfc. Anderson were therefore acting under the color of state law at all relevant times.

82.     Acting under the color of state law, Sgt. Martin and Pfc. Anderson, repeatedly and without probable cause or justification, assaulted Michael, including beating him with a baton and placing him in a chokehold.

83.     Sgt. Martin and Pfc. Anderson, through the actions described in the foregoing paragraphs, deprived Plaintiffs of their clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution, including but not limited to their right to be free from excessive force and their right to be free from unreasonable seizure.

84.     As a direct and proximate result, Michael suffered physical damages and injury to his eyes, neck, and back, and cuts and bruises across his torso and emotional damages, to include

conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

WHEREFORE, Plaintiffs Michael Lee Middleton III and Kanisha Scriber demand judgment against Defendants Anton Johnson, Roy Martin, and Terrance Anderson, individually, jointly, and severally, in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

**THIRD CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983**
**Excessive Force**
**(Plaintiffs v. Defendant City of District Heights)**

85.     Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

86.     The conduct of Sgt. Martin, Sgt. Johnson, and Pfc. Anderson, as described above, including this use of excessive force and the deprivation of Plaintiffs' constitutional rights, does not represent a single isolated, accidental, or peculiar incident, but occurred in the regular procedures followed by the City of District Heights, and represent a pattern and practice of such conduct.

87.     The City has failed to properly train and supervise their law enforcement officers in the constitutional use of force and the constitutional seizure of citizens.

88.     Indeed, the City placed Sgt. Martin and Sgt. Johnson in supervisory positions within the DHPD, and has taken no steps to remove them from those positions after learning of their conduct.

89.     Instead, the City removed Captain Weems from a supervisory position after he reported wrongdoing by his fellow officers.

13

90.     The City has failed to so much as investigate notarized and well-supported allegations of excessive force, sexual assault, and battery by officers, even when urged to do so by their own officers.

91.     The City has also demonstrated a pattern of its officers using excessive force.

92.     For example, in 2012, a former District Heights police officer shot a handcuffed individual name Calvin Kyle in the back, which left Mr. Kyle paralyzed from the waist down.

93.     And in 2017, a District Heights police officer wrongfully arrested, assaulted, used excessive force against, and maliciously prosecuted an individual named Malik S. Brooks.

94.     The DHPD's pattern and practice of excessive force and the City's failure to properly train and supervise officers, to investigate alleged wrongdoing by officers, and the failure to relieve officers credibly accused of misconduct from duty represents a gross disregard for the constitutional rights of Plaintiffs and the public.

95.     This gross disregard directly and proximately caused Plaintiffs' injuries and deprived Plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

96.     The injuries suffered by Plaintiffs were a highly predictable consequences of the City's failures described herein.

WHEREFORE, Plaintiffs Michael Lee Middleton III and Kanisha Scriber demand judgment against Defendant the City of District Heights, in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

## FOURTH CAUSE OF ACTION
### Violation of Article 24 of the Maryland Declaration of Rights
### Excessive Force
### (Plaintiffs v. All Defendants)

97.     Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

98.     Defendants Anton Johnson, Roy Martin, and Terrance Anderson used unreasonable and unnecessary force in the treatment of Plaintiffs, thereby injuring them as alleged in violation of their rights to due process and to be free from excessive force and unreasonable seizure as protected by Article 24 of the Maryland Declaration of Rights.

99.     The officers' actions were without provocation or legal justification and were undertaken with the intent to violate the civil rights of Plaintiffs, including but not limited to their rights under Article 24 to be free from excessive force

100.    As a direct and proximate result of the officers' actions, Plaintiffs suffered physical and emotional damages, including but not limited to conscious pain and suffering, assault, battery, and severe emotional distress.

101.    As a direct and proximate result, Kanisha suffered physical damage and injury to her eyes, face, neck, back, wrists, and feet, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

102.    As a direct and proximate result, Michael suffered physical damage and injury to his eyes, neck, and back, and cuts and bruises across his torso, emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

15

103.    The officers were at all relevant times acting as agents of, and within the scope of their employment by, the City of District Heights, and the City is vicariously responsible for the actions of its agents and employees.

WHEREFORE, Plaintiffs Michael Lee Middleton III and Kanisha Scriber demand judgment against Defendants Anton Johnson, Roy Martin, Terrance Anderson, and the City of District Heights, individually, jointly, and severally, in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

### FIFTH CAUSE OF ACTION
**Violation of Article 26 of the Maryland Declaration of Rights**
**Excessive Force and Deprivation of Liberty**
**(Plaintiffs v. All Defendants)**

104.    Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

105.    By the actions detailed above, Defendants Anton Johnson, Roy Martin, and Terrance Anderson deprived Plaintiffs of their rights under Article 26 of the Maryland Declaration of Rights, including but not limited to the right to freedom from unlawful seizure and the right to bodily integrity.

106.    The officers' actions were without provocation or legal justification and were undertaken with the intent to violate the civil rights of Plaintiffs, including but not limited to their rights under Article 26.

107.    As a direct and proximate result of the officers' actions, Plaintiffs suffered physical and emotional damages, including but not limited to conscious pain and suffering, assault, battery, and severe emotional distress.

108.     As a direct and proximate result, Kanisha suffered physical damage and injury to her eyes, face, neck, back, wrists, and feet, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

109.     As a direct and proximate result, Michael suffered physical damage and injury to his eyes, neck, and back, and cuts and bruises across his torso, emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

110.     The officers were at all relevant times acting as agents of, and within the scope of their employment by, the City of District Heights, and the City is vicariously responsible for the actions of its agents and employees.

WHEREFORE, Plaintiffs Michael Lee Middleton III and Kanisha Scriber demand judgment against Defendants Anton Johnson, Roy Martin, Terrance Anderson, and the City of District Heights, individually, jointly, and severally, in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

### SIXTH CAUSE OF ACTION
**Battery**
**(Plaintiffs v. Defendants Anton Johnson, Roy Martin, and Terrance Anderson)**

111.     Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

112.     By the actions detailed above, Defendants Anton Johnson, Roy Martin, and Terrance Anderson intentionally made harmful or offensive contact with Plaintiffs.

113.     These contacts were not justified by any police necessity.

114.    As a direct and proximate result of the officers' actions, Plaintiffs suffered physical and emotional damages, including but not limited to conscious pain and suffering and severe emotional distress.

115.    The officers were at all relevant times acting as agents of, and within the scope of their employment by, the City of District Heights.

116.    In the alternative, the officers acted with ill will and actual malice.

WHEREFORE, Plaintiffs Michael Lee Middleton III and Kanisha Scriber demand judgment against Defendants Anton Johnson, Roy Martin, and Terrance Anderson, individually, jointly, and severally, in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

<u>SEVENTH CAUSE OF ACTION</u>
**False Arrest**
**(Plaintiffs v. Defendants Anton Johnson, Roy Martin, and Terrance Anderson)**

117.    Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

118.    By the actions detailed above, Defendants Anton Johnson, Roy Martin, and Terrance Anderson deprived Plaintiffs of their liberty without consent, probable cause, or legal justification.

119.    As a direct and proximate result of the officers' actions, Plaintiffs suffered physical and emotional damages, including but not limited to conscious pain and suffering, battery, and severe emotional distress.

120.    The officers were at all relevant times acting as agents of, and within the scope of their employment by, the City of District Heights.

121.    In the alternative, the officers acted with ill will and actual malice.

18

WHEREFORE, Plaintiffs Michael Lee Middleton III and Kanisha Scriber demand judgment against Defendants Anton Johnson, Roy Martin, and Terrance Anderson, individually, jointly, and severally, in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

### EIGHTH CAUSE OF ACTION
**False Imprisonment**
**(Plaintiffs v. Defendants Anton Johnson, Roy Martin, and Terrance Anderson)**

122.     Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

123.     By the actions detailed above, Defendants Anton Johnson, Roy Martin, and Terrance Anderson deprived Plaintiffs of their liberty without consent, probable cause, or legal justification.

124.     Plaintiffs were aware of this deprivation of liberty.

125.     As a direct and proximate result of the officers' actions, Plaintiffs suffered physical and emotional damages, including but not limited to conscious pain and suffering, battery, and severe emotional distress.

126.     The officers were at all relevant times acting as agents of, and within the scope of their employment by, the City of District Heights.

127.     In the alternative, the officers acted with ill will and actual malice.

WHEREFORE, Plaintiffs Michael Lee Middleton III and Kanisha Scriber demand judgment against Defendants Anton Johnson, Roy Martin, and Terrance Anderson, individually, jointly, and severally, in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

## NINTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Plaintiffs v. Defendants Anton Johnson, Roy Martin, and Terrance Anderson)

128.    Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

129.    The actions of Defendants Anton Johnson, Roy Martin, and Terrance Anderson as detailed above were intentional, extreme, and outrageous.

130.    The officers' actions caused Plaintiffs to suffer severe emotional distress.

131.    Michael suffers from insomnia, recurring nightmares about the incident, and a constant state of anxiety that is exacerbated whenever he hears sirens or sees police officers. His anxiety is so pronounced that he is often left breathless and must take medication.

132.    Kanisha has experienced similar emotional distress.

133.    After the incident, Kanisha feared that police officers were going to come to her house and kill her and her children.

134.    Kanisha sent her two older children to stay with their father, and she and her two younger children spent one month in her sister's basement because she was afraid to be in her own house.

135.    After returning home, Kanisha was unable to sleep and would spend the entire night looking out the window. Any sound she heard, she thought was the police trying to come into her house.

136.    Kanisha was so fearful and traumatized that her children started to share their mother's fears.

137.    Both Michael and Kanisha experience severe stress, fear, and anxiety as a result of this incident. They do not feel protected or safe around any law enforcement presence. They fear that if they are ever in danger or need assistance of any kind, they are not safe calling the

police. As a direct and proximate result, Kanisha suffered physical damage and injury to her eyes, face, neck, back, wrists, and feet, and emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

138.    As a direct and proximate result, Michael suffered physical damage and injury to his eyes, neck, and back, and cuts and bruises across his torso, emotional damages, to include conscious pain and suffering, humiliation, embarrassment, emotional trauma, fright, nervousness, indignity, insult, and severe emotional distress.

139.    The officers were at all relevant times acting as agents of, and within the scope of their employment by, the City of District Heights.

140.    In the alternative, the officers acted with ill will and actual malice.

WHEREFORE, Plaintiffs Michael Lee Middleton III and Kanisha Scriber demand judgment against Defendants Anton Johnson, Roy Martin, and Terrance Anderson, individually, jointly, and severally, in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

### NINTH CAUSE OF ACTION
**Malicious Prosecution**
**(Plaintiffs v. Defendants Anton Johnson, Roy Martin, and Terrance Anderson)**

141.    Plaintiffs incorporate and reallege the foregoing paragraphs as if fully set forth herein.

142.    By the actions detailed above, Defendants Anton Johnson, Roy Martin, and Terrance Anderson caused Plaintiffs to be prosecuted for assault on a police officer, resisting arrest, failing to obey lawful orders, and disorderly conduct.

143.    The officers had no probable cause to cause these criminal proceedings and knew full well that they did not have probable cause.

144.    In causing Plaintiffs to be prosecuted, the officers acted with malice, or with a motive other than bringing a wrongdoer to justice.

145.    The proceedings terminated in Plaintiffs' favor via an entry of *nolle prosequi*.

146.    As a direct and proximate result of the officers' actions, Plaintiffs suffered damages, including but not limited to conscious pain and suffering, loss of income, and severe emotional distress.

147.    The officers were at all relevant times acting as agents of, and within the scope of their employment by, the City of District Heights.

148.    In the alternative, the officers acted with ill will and actual malice.

WHEREFORE, Plaintiffs Michael Lee Middleton III and Kanisha Scriber demand judgment against Defendants Anton Johnson, Roy Martin, and Terrance Anderson, individually, jointly, and severally, in an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands a jury trial as to all counts so triable.

Respectfully Submitted,

JOSEPH, GREENWALD & LAAKE, P.A.


By: /s/ Timothy F. Maloney
Timothy F. Maloney, Bar No. 03381
tmaloney@jgllaw.com
Samuel P. Morse, Bar No. 21955
smorse@jgllaw.com

22

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 (tel.)
(301) 220-1214 (fax)
*Counsel for Plaintiff*

Thomas C. Mooney, Bar No. 14318
tom@tomasmooneylaw.com
Law Office of Thomas C. Mooney
14750 Main Street, Suite C
Upper Marlboro, Maryland 20772
(301) 574-0800
*Co-Counsel for Plaintiff*